## CROWL et al. v. BROOKS.
### No. 942-Civ. A.

District Court, W. D. Pennsylvania.

Oct. 22, 1940.

Arnold M. Replogle, of Pittsburgh, Pa., for plaintiffs.

Max M. Bergad and Paul M. Robinson, both of Greensburg, Pa., for defendant.

GIBSON, District Judge.

The defendant has filed two motions, one to dismiss the action, the other for a summary judgment.

The complaint, as amended, asserts that plaintiffs, on June 3, 1930, were indebted to the Peoples National Bank of Pitcairn, Pennsylvania, in an amount greater than $5,000, and to secure this amount they conveyed a described property to the Bank on the date mentioned. The deed so conveying the property was absolute upon its face, but was made pursuant to an oral agreement with the officers of the Bank, by which the Bank was to hold the property in trust for plaintiffs, collecting rents and paying taxes, etc., and crediting the balance against plaintiffs' indebtedness. The amended complaint further alleges that the Bank accounted to plaintiffs for rents collected and moneys expended for the last quarter of the year 1930, but not thereafter, and prays an accounting for the management of the property subsequent to that quarter. The complaint further asserts that the Bank was closed by order of the Comptroller of the Currency on February 3, 1932, and has been in the hands of receivers since March 2, 1932, and that a receiver, pursuant to order of court, conveyed the property to the Fidelity Title and Trust Company, which, at the time of the deed to the Bank and at

the time of the conveyance to it, had a mortgage of $33,000 upon it.

In addition to the trust agreement and prayer for accounting, the complaint sets forth two other purported causes of action.

By the second, it is alleged that the plaintiff K. B. Crowl sold a restaurant in Pitcairn to one Charles M. Gordon, that the $3,000 consideration therefor was "to be * * * collected by the Defendant Bank" and $2,200 thereof credited to the account of plaintiffs. It is asserted that no such credit was given, but no allegation of collection appears.

By the third cause of action it is averred that K. B. Crowl sold his half-interest in a pool room to one. Frank W. Summers for $3,250, which amount was to be paid in cash and to the Bank. The purchaser, however, paid only $1,000 in cash, and gave a note for $2,250. This note was endorsed by him, but bore the names of plaintiffs, who assert that their names were not given for the purposes of the note, but had been signed in blank for the renewal of their own obligations in the Bank, and was therefore improperly used by the Bank. The receiver for the Bank, it is alleged, has compromised the claim of the Bank with Summers, and delivered the note to him, thereby depriving plaintiffs of their claim against him. Upon this cause of action plaintiffs, in their claim for relief, only assert "any credits on any accounts in the Defendant Bank and its Receiver, in respect to the said note, or any payments of interest thereon should be eliminated."

As to the second cause of action claimed, the complaint does not assert that the Bank actually collected the $3,000 purchase price of the restaurant from the purchaser, but even if it be assumed that it did so, and that the paragraphs setting forth the matter be considered as presenting a distinct cause of action and not a mere tail to the oral trust agreement forming the basis of plaintiffs' demand for an accounting for rents, etc., then that cause of action is defeated by the limitation period, as, also, is the third claim if it be considered as independent of the oral trust agreement. The transactions in question were in 1930, and the instant action was instituted on June 24, 1940.

■ The last, and only, accounting of the Bank to plaintiffs was for the last quarter of the year 1930, it will be remembered. Since that time the Bank has been under process of liquidation by several receivers, and at the time suit was brought the uncollectible assets (including notes of the plaintiffs) had been sold at public auction. Partial distribution to creditors has been made from time to time and, when suit was filed, the Receiver was preparing to pay his final dividend. Under the circumstances prompt action would seem to have been demanded on the part of plaintiffs, and an excuse required for their long delay of more than ordinary force; but neither the complaint nor the amended complaint attempts any excuse whatsoever. This being so, the court is compelled to find that the plaintiffs have been guilty of such laches as must cause the dismissal of their claim, which, even though made in due time and while the receiver had possession of plaintiffs' unpaid notes, from all apparent facts would have proved fruitless. See letter of May 6, 1932, from the then Receiver to the Comptroller, attached to amended complaint.

■ The complaint asserts an express trust by oral contract, and not a trust arising by implication or construction of law. By Section 4 of the Act of April 22, 1856, P.L. 532, 33 Purdon's Pa.Stat. Annotated, § 2, all creations of trust in lands are declared void unless manifested by writing; and by the 6th Section of the same Act, Section 83 of 12 Purdon's Annotated Statutes, it is provided that "No right of entry shall accrue, or action be maintained * * * to enforce any implied or resulting trust as to realty, but within five years after such contract was made or such equity or trust accrued * * * unless such contract shall give a longer time for its performance, or there has been, in part, a substantial performance, or such contract * * * shall have been acknowledged by writing to subsist, by the party to be charged therewith, within the same period."

No claim is made that fraud, accident or mistake existed in the creation of the trust, and that consequently the trust was an implied or resulting trust under the statute; but if the trust agreement were so regarded, it is voided by the five-year limitation. And if a resulting trust were not created by the contract, then plaintiffs are basing their claim upon a trust void

because created by parole. Therefore even if their laches were ignored, their action must fail.